| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |

Vincent V. Frounjian, Esq.                    BAR NO. 170424
LAW OFFICES OF VINCENT V. FROUNJIAN, P.C.
16133 Ventura Boulevard, Suite 560
Encino, California  91436
Telephone: (818) 990-0605
Facsimile:  (818) 990-2116

☐ *Individual appearing without counsel*
☒ *Attorney for:* Movant, AMERICAN HONDA FINANCE CORPORATION

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA**

In re
  **WILLIAM WEST CURRY; and NANCY K. CURRY, Chapter 13 Trustee,**

                                                              Debtor(s).

CHAPTER: **13**

CASE NO.: **2:10-bk-36604-ER**

DATE:  **05/23/11**
TIME:   **10:00 a.m.**
CTRM:  **1568**
FLOOR: **15th**

# NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (with supporting declarations)
### (MOVANT:  AMERICAN HONDA FINANCE CORPORATION          )
### (Personal Property)

1. NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any)("Responding Parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2. **Hearing Location:**   ☒ **255 East Temple Street, Los Angeles**        ☐ **411 West Fourth Street, Santa Ana**
                                         ☐ **21041 Burbank Boulevard, Woodland Hills**   ☐ **1415 State Street, Santa Barbara**
                                         ☐ **3420 Twelfth Street, Riverside**

3. a. ☒  This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1.  If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

   b. ☐  This Motion is being heard on SHORTENED TIME.  If you wish to oppose this Motion, you must appear at the hearing.  Any written response or evidence must be filed and served:

      ☐ at the hearing        ☐ at least _____ court days before the hearing.

      (1) ☐  A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

      (2) ☐  A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court.

      (3) ☐  A Motion for Order Shortening Time has been filed and remains pending.  Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1M.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 9004-1 and the Court Manual

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                                          **F 4001-1M.PP**

Motion for Relief from Stay (Personal Property) - *Page 2 of* __10__      **F 4001-1M.PP**

| In re | (SHORT TITLE) | CHAPTER:    13 |
|---|---|---|
| WILLIAM WEST CURRY; and NANCY K. CURRY, Chapter 13 Trustee, | Debtor(s). | CASE NO.:  2:10-bk-36604-ER |

5.  If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated:  **04/25/11**

_____

LAW OFFICES OF VINCENT V. FROUNJIAN, P.C.
_____
*Print Law Firm Name (if applicable)*

VINCENT V. FROUNJIAN, ESQ.
_____
*Print Name of Individual Movant or Attorney for Movant*

/S/ VINCENT V. FROUNJIAN
_____
*Signature of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                                    **F 4001-1M.PP**

**F 4001-1M.PP**

| In re                              (SHORT TITLE) | CHAPTER:   13 |
|---|---|
| WILLIAM WEST CURRY; and NANCY K. CURRY, Chapter 13 Trustee,                    Debtor(s). | CASE NO.: 2:10-bk-36604-ER |

# MOTION FOR RELIEF FROM STAY
## (MOVANT: AMERICAN HONDA FINANCE CORPORATION_____ )

1. **The Property at Issue:** Movant moves for relief from the automatic stay with respect to the following personal property (the "Property"):

   ☒ Vehicle *(describe year, manufacturer, type, and model)*: **2007 HONDA RIDGELINE**

        Vehicle Identification Number: **2HJY K163 97H5 41182**
        Location of vehicle (if known): **DEBTOR HAS POSSESSION OF THE SUBJECT VEHICLE.**

   ☐ Equipment *(describe manufacturer, type, and characteristics)*:

        Serial number(s):
        Location (if known):

   ☐ Other Personal Property *(describe type, identifying information, and location)*:

2. **Case History:**

   a. ☒ A voluntary  ☐ An involuntary  petition under Chapter  ☐ 7  ☐ 11  ☐ 12  ☒ 13
        was filed on *(specify date)*: **06/29/10**

   b. ☐ An Order of Conversion to Chapter  ☐ 7  ☐ 11  ☐ 12  ☐ 13
        was entered on *(specify date)*:

   c. ☒ Plan was confirmed on *(specify date)*: **11/23/10**

   d. ☐ Other bankruptcy cases affecting this Property have been pending within the past two years.  See attached Declaration.

3. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

     (1) ☒ Movant's interest in the Property is not adequately protected.

       (a) ☒ Movant's interest in the collateral is not protected by an adequate equity cushion.

       (b) ☒ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

       (c) ☒ No proof of insurance re Movant's collateral has been provided to Movant, despite borrower(s)'s obligation to insure the collateral under the terms of Movant's contract with Debtor(s).

       (d) ☐ Payments have not been made as required by an Adequate Protection Order previously granted in this case.

     (2) ☐ The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

       (a) ☐ Movant is the only creditor or one of very few creditors listed on the master mailing matrix.

       (b) ☐ The Property was transferred to Debtor(s) either just before the bankruptcy filing or since the filing.

       (c) ☐ Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.

       (d) ☐ Other bankruptcy cases have been filed asserting an interest in the same Property.

       (e) ☐ The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents.  No Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) has been filed.

*(Continued on next page)*

Motion for Relief from Stay (Personal Property) - *Page 4 of* __10__          **F 4001-1M.PP**

| | |
|---|---|
| In re                                    (SHORT TITLE)<br>WILLIAM WEST CURRY; and NANCY K. CURRY, Chapter 13 Trustee,<br><div align="right">Debtor(s).</div> | CHAPTER: 13<br><br>CASE NO.:   2:10-bk-36604-ER |

    (3) ☒ *(Chapter 12 or 13 cases only)*

        (a) ☐ Postconfirmation plan payments have not been made to the standing trustee.

        (b) ☒ Postconfirmation payments required by the confirmed plan have not been made to Movant.

    (4) ☐ The lease has been rejected or deemed rejected by operation of law.

    (5) ☒ For other cause for relief from stay, see attached continuation page.

  b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

4. ☐ Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

5. **Evidence in Support of Motion:**   *(Important Note:  Declaration(s) in support of the Motion MUST be attached hereto.)*

  a. ☒ Movant submits the attached Declaration(s) on the Court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.

  b. ☐ Movant submits the attached supplemental Declaration(s) under penalty of perjury, to provide additional admissible evidence in support of this Motion.

  c. ☐ Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims and the Property set forth in Debtor's(s') Schedules.  Authenticated copies of the relevant portions of the Schedules are attached as Exhibit _____.

  d. ☐ Other evidence *(specify)*:

6. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following** *(specify forms of relief requested)*:

1. ☒ Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to repossess and sell the Property.

2. ☐ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

3. Additional provisions requested:

  a. ☒ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

  b. ☒ That the 14-day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived.

  c. ☐ That Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.

  d. ☐ For other relief requested, see attached continuation page.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

In re        :    WILLIAM WEST CURRY
CASE NO.    :    2:10-bk-36604-ER


**THIS ATTACHMENT IS CONTINUED FROM PAGE "4", PARAGRAPH (3)(a)(5) OF THE
GROUNDS FOR RELIEF FROM STAY:**


3(a)(5)        The confirmed Chapter 13 Plan of the Debtor elects to assume the loan and make all post-
               petition payments directly to Creditor.  However, to date the Debtor has failed to remain
               current on the monthly payments, and the account is now "3" post-confirmation payments
               past due.  (True and correct copies of the "Payment History" and "Chapter 13 Plan" are
               attached hereto as Exhibits 3 & 4 respectively and incorporated herein by reference).

Motion for Relief from Stay (Personal Property) - *Page 5 of* __10__   **F 4001-1M.PP**

| In re                                                    (SHORT TITLE) | CHAPTER: 13 |
|---|---|
| WILLIAM WEST CURRY; and NANCY K. CURRY, Chapter 13 Trustee, | |
| Debtor(s). | CASE NO.: 2:10-bk-36604-ER |

4. If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated: **04/25/11**

Respectfully submitted,

AMERICAN HONDA FINANCE CORPORATION
_____
*Movant Name*

LAW OFFICES OF VINCENT V. FROUNJIAN, P.C.
_____
*Firm Name of Attorney for Movant (if applicable)*

By: _____ /S/ VINCENT V. FROUNJIAN
     *Signature*

Name: ___ VINCENT V. FROUNJIAN, ESQ. _____
          *Typed Name of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                 **F 4001-1M.PP**

Motion for Relief from Stay (Personal Property) - *Page 6 of* __10__          **F 4001-1M.PP**

| In re | (SHORT TITLE) | CHAPTER: 13 |
|---|---|---|
| WILLIAM WEST CURRY; and NANCY K. CURRY, Chapter 13 Trustee, | | |
| | Debtor(s). | CASE NO.: 2:10-bk-36604-ER |

## PERSONAL PROPERTY DECLARATION
## (MOVANT: <u>AMERICAN HONDA FINANCE CORPORATION</u>

I, **JONATHAN BIZIOS**_____, declare as follows:

*(Print Name of Declarant)*

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the personal Property that is the subject of this Motion ("Property") because *(specify):*

   ☐ I am the Movant and owner of the Property.

   ☐ I manage the Property as the authorized agent for the Movant.

   ☒ I am employed by the Movant as *(state title and capacity):* BANKRUPTCY COLLECTOR

   ☐ Other *(specify):*

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to loans, leases, or extensions of credit given to Debtor(s) concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. The Property that is the subject of this Motion is:

   ☒ Vehicle *(describe manufacturer, type, model, and year):* **2007 HONDA RIDGELINE**

   Vehicle Identification Number: **2HJY K163 97H5 41182**
   Location of vehicle (if known): **DEBTOR HAS POSSESSION OF THE SUBJECT VEHICLE.**

   ☐ Equipment *(describe manufacturer, type, and characteristics):*

   Serial number(s):
   Location (if known):

   ☐ Other Personal Property *(describe type, identifying information, and location):*

4. Debtor(s) ☒ listed the Property on Schedule B ☐ did not list the Property on Schedule B.

5. The nature of Debtor's(s') interest in the Property is:
   a. ☐ Sole owner
   b. ☐ Co-owner
   c. ☐ Lessee
   d. ☒ Other *(specify):* BORROWER(S). REGISTERED OWNER(S) ONLY.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Motion for Relief from Stay (Personal Property) - *Page 7 of* __10__         **F 4001-1M.PP**

| In re | (SHORT TITLE) | CHAPTER: 13 |
|---|---|---|
| WILLIAM WEST CURRY; and NANCY K. CURRY, Chapter 13 Trustee, | Debtor(s). | CASE NO.: 2:10-bk-36604-ER |

6. The lease was rejected on _____ *(specify date)*:

    a. ☐ by operation of law.

    b. ☐ by Order of the Court.

7. Movant has a perfected security interest in the Property.

    a. The Property is a motor vehicle, boat, or other property for which a Title Certificate is provided for by state law. True and correct copies of the following items are attached to this Motion:

        (1) ☒ Certificate of Title *("Pink Slip")* attached as Exhibit __"1"__ .

        (2) ☒ Vehicle or other Lease Agreement attached as Exhibit __"2"__ .

        (3) ☒ Security Agreement attached as Exhibit __"2"__ .

        (4) ☐ Other evidence of perfection attached as Exhibit _____ .

    b. The Property is equipment, intangibles, or other personal property for which a Title Certificate is not provided for by state law. True and correct copies of the following items are attached:

        (1) ☐ Security Agreement attached as Exhibit _____ .

        (2) ☐ UCC-1 Financing Statement attached as Exhibit _____, as recorded on *(specify date)*:

        (3) ☐ UCC Financing Statement search results attached as Exhibit _____ .

        (4) ☐ Results of search of recorded or filed leases attached as Exhibit _____ .

        (5) ☐ Other evidence of perfection of a security interest attached as Exhibit _____ .

    c. The Property is consumer goods. True and correct copies of the following items are attached:

        (1) ☐ Credit Application attached as Exhibit _____ .

        (2) ☐ Purchase Agreement attached as Exhibit _____ .

        (3) ☐ Account Statement showing payments made and balance due attached as Exhibit _____ .

        (4) ☐ Other evidence of perfection of a security interest *(if necessary under state law)* attached as Exhibit _____ .

    d. ☐ Other liens against the Property are set forth on the attached continuation page.

8. Status of Movant's debt:

    a. A true and correct copy of the promissory note or other document that evidences the debt owed by Debtor(s) to Movant is attached as Exhibit __"2"__ .

    b. Amount of current monthly payment: $ **663.25**

    c. Number of payments that have come due and were not made: **"3"**.

    d. Last payment received on *(specify date)*: **03/10/11**

9. Attached hereto as Exhibit __"3"__ is a true and correct copy of a POSTPETITION payment history that accurately reflects the dates and amounts of all payments made by the Debtor(s) since the petition date.

10. Amount of Movant's debt:

| | | |
|---|---|---|
| a. Principal: | $ | 19,317.25 |
| b. Accrued Interest: | $ | 3,705.11 |
| c. Costs (Attorney's Fees, Late Charges, Other Costs): | $ | 550.00 |
| d. Advances (Property Taxes, Insurance): | $ | |
| e. TOTAL CLAIM as of __04/25/11__ : | $ | 23,572.36 |

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Motion for Relief from Stay (Personal Property) - Page 8 of* __10__          **F 4001-1M.PP**

| In re | (SHORT TITLE) | CHAPTER: 13 |
|---|---|---|
| WILLIAM WEST CURRY; and NANCY K. CURRY, Chapter 13 Trustee, | Debtor(s). | CASE NO.: 2:10-bk-36604-ER |

   f.   Future payments due by time of anticipated hearing date *(if applicable)*:
An additional payment of $ **663.25**_____ will come due on __05/24/11_____, and on the **24th**____ day of each month thereafter.  If the payment is not received by the _____ day of the month, a late charge of $_____ would be due under the terms of the loan.

11. ☐  *(Chapter 7 and 11 cases only)*  The fair market value of the Property is: $_____.  This valuation is based upon the following supporting evidence:

   a.  ☐  This is the value indicated for collateral of this year, make, model, and general features in the reference guide most commonly used source for valuation data used by Movant in the ordinary course of its business for determining the value of this type of collateral.  True and correct copies of the relevant excerpts of the most recent edition are attached as Exhibit _____.

   b.  ☐  This is the value determined by an appraisal or other expert evaluation.  A true and correct copy of the expert's report or declarations attached as Exhibit _____.

   c.  ☐  Debtor's(s') admissions in the Schedules filed in the case.  A true and correct copy of the relevant portions of the Debtor's(s') Schedules are attached as Exhibit _____.

   d.  ☐  Other basis for valuation *(specify)*:

> **NOTE:**  *If valuation is contested, supplemental declarations providing additional foundation for the opinions of value should be submitted.*

12.  Calculation of equity in Property:

   a.  By subtracting the total amount of all liens from the value of the Property as set forth in Paragraph 11 above, I calculate that the Debtor's(s') equity in the Property is $_____ (§ 362(d)(2)(A)).

   b.  I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is $_____ (§ 362(d)(1)).

13. ☒  The fair market value of the Property is declining based on/due to: **THE DEPRECIATING NATURE OF THE VEHICLE.** _____

14. ☒  *(Chapter 12 or 13 cases only)* Chapter 12 or 13 case status information:

   a.  341(a) Meeting currently scheduled for (or concluded on) the following date: **08/12/10**
Confirmation hearing currently scheduled for (or concluded on) the following date: **11/03/10**
Plan confirmed at hearing on the following date *(if applicable)*: **11/23/10**

   b.  Postpetition/preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| | | | |
|---|---|---|---|
| *(Number of)* _____ payment(s) due at $_____ | each | = | $_____ |
| *(Number of)* _____ payment(s) due at $_____ | each | = | $_____ |
| *(Number of)* _____ late charge(s) at  $_____ | each | = | $_____ |
| *(Number of)* _____ late charge(s) at  $_____ | each | = | $_____ |

   c.  Postpetition/preconfirmation advances or other charges due but unpaid:     $_____
(See attachment for details of type and amount.)

           **TOTAL POSTPETITION/PRECONFIRMATION DELINQUENCY:**  **$**_____

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                 **F 4001-1M.PP**

Motion for Relief from Stay (Personal Property) - *Page 9 of* __10__    **F 4001-1M.PP**

| In re | (SHORT TITLE) | CHAPTER: 13 |
|---|---|---|
| WILLIAM WEST CURRY; and NANCY K. CURRY, Chapter 13 Trustee, | Debtor(s). | CASE NO.: 2:10-bk-36604-ER |

d.  Postconfirmation/payments due BUT REMAINING UNPAID since plan confirmation *(if applicable):*

| *(Number of)* __3__ | payment(s) due at $ __663.25__ | each | = | $ __1,989.75__ |
|---|---|---|---|---|
| *(Number of)* _____ | payment(s) due at $ _____ | each | = | $ _____ |
| *(Number of)* _____ | late charge(s) at $ _____ | each | = | $ _____ |
| *(Number of)* _____ | late charge(s) at $ _____ | each | = | $ _____ |

e.  Postconfirmation advances or other charges due but unpaid:                    $ _____
    (See attachment for details of type and amount.)

**TOTAL POSTCONFIRMATION DELINQUENCY:**          **$ __1,989.75__**

f.  ☐  The claim is provided for in the Chapter 12 or 13 Plan.  Plan payment history is attached as Exhibit _____.

g.  ☐  See attached Declaration(s) of Chapter 12 or 13 Trustee regarding receipt of payments under the plan *(attach Court Form F 4001-1M.13).*

15. ☐  Movant has not been provided with evidence that the Property is currently insured, as required under the terms of the loan.

16. ☐  Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions that were taken after the filing of the bankruptcy petition in this case.

a.  ☐  These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

b.  ☐  For other facts justifying annulment, see attached continuation page.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on __April 26__, __2011__, at __Irving, Texas__                    *(city, state).***

| __JONATHAN BIZIOS__ | __/S/ JONATHAN BIZIOS__ |
|---|---|
| *Print Declarant's Name* | *Signature of Declarant* |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*          **F 4001-1M.PP**

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Vincent V. Frounjian, Esq.                              BAR NO. 170424<br>LAW OFFICES OF VINCENT V. FROUNJIAN, P.C.<br>16133 Ventura Boulevard, Suite 560<br>Encino, California  91436<br>(818) 990-0605<br>☒ Attorney for: Creditor, AMERICAN HONDA FINANCE CORPORATION | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re: WILLIAM WEST CURRY, et al., | CASE NO.: 2:10-bk-36604-ER |
|---|---|
| | CHAPTER: 13 |
| Debtor(s). | ADV. NO.: |

### ELECTRONIC FILING DECLARATION
### (CORPORATION/PARTNERSHIP)

☐ Petition, statement of affairs, schedules or lists                    Date Filed: _____
☐ Amendments to the petition, statement of affairs, schedules or lists    Date Filed: _____
☒ Other: Notice of Motion and Motion for Relief from Automatic Stay.       Date Filed: 4/26/11

## PART I - DECLARATION OF AUTHORIZED SIGNATORY OF DEBTOR OR OTHER PARTY

I, the undersigned, hereby declare under penalty of perjury that: (1) I have been authorized by the Debtor or other party on whose behalf the above-referenced document is being filed (Filing Party) to sign and to file, on behalf of the Filing Party, the above-referenced document being filed electronically (Filed Document); (2) I have read and understand the Filed Document; (3) the information provided in the Filed Document is true, correct and complete; (4) the "/s/," followed by my name, on the signature lines for the Filing Party in the Filed Document serves as my signature on behalf of the Filing Party and denotes the making of such declarations, requests, statements, verifications and certifications by me and by the Filing Party to the same extent and effect as my actual signature on such signature lines; (5) I have actually signed a true and correct hard copy of the Filed Document in such places on behalf of the Filing Party and provided the executed hard copy of the Filed Document to the Filing Party's attorney; and (6) I, on behalf of the Filing Party, have authorized the Filing Party's attorney to file the electronic version of the Filed Document and this Declaration with the United States Bankruptcy Court for the Central District of California.

_____          04-26-2011
Signature of Authorized Signatory of Filing Party          Date

JONATHAN BIZIOS
Printed Name of Authorized Signatory of Filing Party

BANKRUPTCY COLLECTOR
Title of Authorized Signatory of Filing Party

## PART II - DECLARATION OF ATTORNEY FOR FILING PARTY

I, the undersigned Attorney for the Filing Party, hereby declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Filing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) an authorized signatory of the Filing Party signed the Declaration of Authorized Signatory of Debtor or Other Party before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature of the authorized signatory of the Filing Party in the locations that are indicated by "/s/," followed by the name of the Filing Party's authorized signatory, on the true and correct hard copy of the Filed Document; (4) I shall maintain the executed originals of this Declaration, the Declaration of Authorized Signatory of Debtor or Other Party. and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this Declaration, the Declaration of Authorized Signatory of Debtor or Other Party, and the Filed Document available for review upon request of the Court or other parties.

_____          4-26-11
Signature of Attorney for Filing Party          Date

VINCENT V. FROUNJIAN, ESQ.
Printed Name of Attorney for Filing Party

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

November 2006

| VIN | 2HJYK16397H541182 | | | Financed | 07/10/2007 | Tech | *FDI* |
|---|---|---|---|---|---|---|---|
| Status | *Perfected Title* | | | DMV Work | 07/24/2007 | | |
| Lienholder Status | | | | Imported | 07/25/2007 | | |
| Borrower | CURRY WILLIAM W, 33515 132ND ST EAST PEARBLOSSOM, CA 93553 | | | Added | 07/17/2007 | | |
| | | | | Perfected | 07/25/2007 | | |
| Borrower Home Phone | (661) 526-7873 | | | Payoff | / / | Tech | |
| Borrower Work Phone | (951) 736-2479 | | | Released | / / | | |
| Branch | 01101 | Acct # | 000000 0000 | Release Type | | | |
| Loan # | 000000 0000 | Suffix | 1 | Exported | / / | | |
| Owner | CURRY WILLIAM W | | | DMV Response | / / | Code | |
| Lienholder | AMERCN HONDA FIN CORP | | | | | | |
| Dealer ID | 00208253 | | | DMV Deleted | / / | | |
| Year | 2007 | Make | HOND | | | | |
| License | 8G18496 | Title # | | Expires | 09/24/2013 | | |
| Body | PK | Vehicle Type | VEH | FDI Assigned User | | FDI Action Date | / / |
| Registration Expiration | 080731 | | | Lienholder Assigned User | | Lienholder Action Date | / / |
| Dealer | H | EOT Indicator | | Misc. | | | |
| Account Type | **Financed (Loan)** | Loan Type | **Vehicle** | State | CA | **Electronic** | |

EXH. 1

RETAIL INSTALLMENT SALE CONTRACT — SIMPLE FINANCE CHARGE

| Buyer (and Co-Buyer) | | Creditor - Seller (Name and Address) |
|---|---|---|
| WILLIAM W CURRY<br>3300 15TH ST WEST SP 147<br>ROSAMOND KERN CA 93560 | | RIVERSIDE HONDA<br>8330 INDIANA AVE<br>RIVERSIDE CA 92504 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-in-Lending Disclosures below are part of this contract.

| New Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2007 | HONDA<br>RIDGELINE | 65 | 2HJYK16397H541182 | ☑ Personal, family or household<br>☐ business or commercial |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 8.00 |
|---|---|---|---|---|
| 18.99 % | $13037.98 | $34696.80 | $47754.80 | $47754.80 |

### YOUR PAYMENT SCHEDULE WILL BE:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| One Payment of | N/A | |
| One Payment of | N/A | |
| 71 Payments | 663.00 | Monthly beginning 06/24/2007 |
| | N/A | Monthly beginning |
| One Final Payment | 663.00 | DUE ON 07/24/2013 |

Late Charge. If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
Prepayment. If you pay off your debt early, you may be charged a minimum finance charge.
Security Interest. You are giving a security interest in the vehicle being purchased.
Additional Information: See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

### ITEMIZATION OF THE AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)

1. Total Cash Price
   - A. Cash Price of Motor Vehicle and Accessories    $ 26190.00
     - 1. Cash Price Vehicle    $ 24895.00
     - 2. Cash Price Accessories    $ 1295.00  LO JACK
     - 3. Other (not taxable)
        - Describe    N/A    $
        - Describe    N/A    $
   - B. Document Preparation Fee (not a governmental fee)    $ 55.00
   - C. Smog Fee Paid to Seller    $ N/A
   - D. (Optional) Theft Deterrent Device (to whom paid)    N/A    $ N/A
   - E. (Optional) Theft Deterrent Device (to whom paid)    N/A    $ N/A
   - F. (Optional) Surface Protection Product (to whom paid)    N/A    $ N/A
   - G. (Optional) Surface Protection Product (to whom paid)    N/A    $ N/A
   - H. Sales Tax (on taxable items in A through G)    $ 1902.74
   - I. Optional DMV Electronic Filing Fee    $ 28.00
   - J. (Optional) Service Contract (to whom paid)  ELITE PROT    $ 1895.00
   - K. (Optional) Service Contract (to whom paid)    N/A    $ N/A
   - L. (Optional) Service Contract (to whom paid)    N/A    $ N/A
   - M. Prior Credit or Lease Balance paid by Seller to
        - N/A    $ 4296.50
        - (see downpayment and trade-in calculation)
   - N. (Optional) Gap Contract (to whom paid)    N/A    $ N/A
   - O. (Optional) Used Vehicle Contract Cancellation Option Agreement    $ N/A
   - P. Other (to whom paid)    N/A    $ N/A
        - N/A    $
   - Total Cash Price (A through P)    $ 34373.13

2. Amounts Paid to Public Officials
   - A. License Fees  ESTIMATED    $ 178.00
   - B. Registration/Transfer/Titling Fees    $ 141.00
   - C. California Tire Fees    $ 8.75
   - D. Other  N/A    $ N/A
   - Total Official Fees (A through D)    $ 322.75

3. Amount Paid to Insurance Companies
   (Total premiums from Statement of Insurance column A + B)    $ N/A

4. ☐ Smog Certification or ☐ Exemption Fee Paid to State    $ N/A

5. Subtotal (1 through 4)    $ 34696.80

6. Total Downpayment =
   - A. Agreed Trade-in Value    2803.avg  HONDA    $ 5000.00
     - Model  ELEMENT    Odom    74600
     - VIN  5J6YH18233L011594
   - B. Less Prior Credit or Lease Balance    $ -4296.50
   - C. Net Trade-in (if less B) (indicate if a negative number)    $ 10098.53
   - D. Deferred Downpayment    $ N/A
   - E. Manufacturer's Rebate    $ N/A
   - F. Other    N/A    $ N/A
   - G. Cash    $ N/A
   - Total Downpayment (C through F)    $ 0.00
   (if negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1N above)

7. Amount Financed (5 less 6)    $ 34696.80

AUTO BROKER FEE DISCLOSURE
If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:
☐ Name of autobroker receiving fee, if applicable:
N/A

### STATEMENT OF INSURANCE

NOTICE. No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

Vehicle Insurance

| | Term | Premium |
|---|---|---|
| N/A Comp. Fire & Theft $ | Mo. $ | N/A |
| N/A Coll. Collision | Mo. $ | |
| Bodily Injury $ N/A | Mo. $ | N/A |
| Property Damage $ N/A | Mo. $ | N/A |
| Medical $ N/A | Mo. $ | N/A |
| N/A | Mo. $ | N/A |
| Total Vehicle Insurance Premiums | $ | N/A |

The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.

THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION

Buyer Signature X _____  07/18/07  Co-Buyer Signature X _____

RIVERSIDE HONDA    07/18/07    DWAYNE J RIDOUCH    FEI RIGR

## OTHER IMPORTANT AGREEMENTS

### 1. FINANCE CHARGE AND PAYMENTS

### 2. YOUR OTHER PROMISES TO US

**GAP LIABILITY NOTICE**

### 3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

### 4. WARRANTIES SELLER DISCLAIMS

### 5. Used Car Buyers Guide.

### 6. Applicable Law

### 7. Warranties of Buyer.

**CREDIT DISABILITY INSURANCE NOTICE**
**CLAIM PROCEDURE**

**Seller's Right to Cancel**

---

**ARBITRATION CLAUSE**
**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.

2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.

3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

| Seller assigns its interest in this contract to | | |
|---|---|---|
| ☐ Assigned with recourse | ☐ Assigned without recourse | ☐ Assigned with limited recourse |
| Seller  Riverside Honda | | |

| Transaction Date | Effective Date | Due | Transaction Type | Financing Type | Amount | Sales Tax | Total | Source |
|---|---|---|---|---|---|---|---|---|
| 4/2/2011 | 4/2/2011 | 4/24/2011 | INVOICE | | | $0.00 | $1,989.75 | |
| | | | | Interest | $180.31 | $0.00 | | |
| | | | | Principal | $482.94 | $0.00 | | |
| | | | | Late Charges | $0.00 | $0.00 | | |
| | | | | Total Current | $663.25 | $0.00 | | |
| | | | | Principal | $1,245.07 | $0.00 | | |
| | | | | Interest | $81.43 | $0.00 | | |
| | | | | Total Past Due | $1,326.50 | $0.00 | | |
| | | | | Total Due | $1,989.75 | $0.00 | | |
| 3/10/2011 | 3/10/2011 | ?/?/? | REGULAR PAYMENT | | | $0.00 | $663.25 | Wachovia-Los |
| | | | | Interest | $243.65 | $0.00 | | |
| | | | | Principal | $419.60 | $0.00 | | |
| 3/2/2011 | 3/2/2011 | 3/24/2011 | INVOICE | | | $0.00 | $1,989.75 | |
| | | | | Interest | $166.40 | $0.00 | | |
| | | | | Principal | $496.85 | $0.00 | | |
| | | | | Late Charges | $0.00 | $0.00 | | |
| | | | | Total Current | $663.25 | $0.00 | | |
| | | | | Principal | $1,166.05 | $0.00 | | |
| | | | | Interest | $160.45 | $0.00 | | |
| | | | | Total Past Due | $1,326.50 | $0.00 | | |
| | | | | Total Due | $1,989.75 | $0.00 | | |
| 2/2/2011 | 2/2/2011 | 2/24/2011 | INVOICE | | | $0.00 | $1,326.50 | |
| | | | | Interest | $160.45 | $0.00 | | |
| | | | | Principal | $502.80 | $0.00 | | |
| | | | | Late Charges | $0.00 | $0.00 | | |
| | | | | Total Current | $663.25 | $0.00 | | |
| | | | | Principal | $663.25 | $0.00 | | |
| | | | | Total Past Due | $663.25 | $0.00 | | |
| | | | | Total Due | $1,326.50 | $0.00 | | |
| 1/28/2011 | 1/28/2011 | ?/?/? | REGULAR PAYMENT | | | $0.00 | $663.25 | Wachovia-Los |
| | | | | Interest | $134.24 | $0.00 | | |
| | | | | Principal | $529.01 | $0.00 | | |
| 1/6/2011 | 1/6/2011 | ?/?/? | REGULAR PAYMENT | | | $0.00 | $663.25 | Wachovia-Los |
| | | | | Interest | $419.92 | $0.00 | | |
| | | | | Principal | $243.33 | $0.00 | | |
| 1/2/2011 | 1/2/2011 | 1/24/2011 | INVOICE | | | $0.00 | $1,989.75 | |
| | | | | Interest | $191.43 | $0.00 | | |
| | | | | Principal | $471.82 | $0.00 | | |
| | | | | Late Charges | $0.00 | $0.00 | | |
| | | | | Total Current | $663.25 | $0.00 | | |
| | | | | Interest | $339.64 | $0.00 | | |
| | | | | Principal | $986.86 | $0.00 | | |
| | | | | Total Past Due | $1,326.50 | $0.00 | | |
| | | | | Total Due | $1,989.75 | $0.00 | | |
| 12/2/2010 | 12/2/2010 | 12/24/2010 | INVOICE | | | $0.00 | $1,326.50 | |
| | | | | Interest | $185.26 | $0.00 | | |
| | | | | Principal | $477.99 | $0.00 | | |
| | | | | Late Charges | $0.00 | $0.00 | | |
| | | | | Total Current | $663.25 | $0.00 | | |



EXH.3

| | | | | Interest | $154.38 | $0.00 | | |
|---|---|---|---|---|---|---|---|---|
| | | | | Principal | $508.87 | $0.00 | | |
| | | | | Total Past Due | $663.25 | $0.00 | | |
| | | | | Total Due | $1,326.50 | $0.00 | | |
| 11/2/2010 | 11/2/2010 | 11/24/2010 | INVOICE | | | $0.00 | $663.25 | |
| | | | | Interest | $154.38 | $0.00 | | |
| | | | | Principal | $508.87 | $0.00 | | |
| | | | | Late Charges | $0.00 | $0.00 | | |
| | | | | Total Past Due | $0.00 | $0.00 | | |
| | | | | Total Due | $663.25 | $0.00 | | |
| 10/30/2010 | 10/30/2010 | ?/?/? | REGULAR PAYMENT | | | $0.00 | $663.25 | Wachovia-Los |
| | | | | Interest | $295.44 | $0.00 | | |
| | | | | Principal | $367.81 | $0.00 | | |

| Name | **Gregory J. Doan** |
|------|---------------------|
| Address | **Doan Law Firm, LLP** |
| | **25401 Cabot Road, Suite 119** |
| | **Laguna Hills, CA 92653** |

Telephone  **(949) 472-0593**    (FAX)  **(949) 472-5441**
Email Address  **ecf@doanlaw.com**

■  Attorney for Debtor
State Bar No.  **165174**

☐  Debtor(s) in Pro Se     (Any reference to the singular shall include the plural in the case of joint debtors.)

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| List all names (including trade names) used by the debtor within the last 8 years:<br><br>**William West Curry** | Chapter 13 Case No. **2:10-bk-36604**<br><br>**AMENDED**<br>**CHAPTER 13 PLAN**<br><br>**CREDITORS MEETING:**<br>Date:<br>Time:<br>Place:<br>**CONFIRMATION HEARING:**<br>Date:<br>Time:<br>Place: |
|---|---|

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. § 1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com

**F3015-1.1**
Best Case Bankruptcy

EXH. 4

Chapter 13 Plan (Rev. 12/09) - Page 2                                                                                      2009 USBC, Central District of California

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

I. **PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:**

The Debtor submits the following to the supervision and control of the Chapter 13 Trustee:

A. Payments by Debtor of **$1,047.52** per month for **4** months, then **$1,208.06** per month for **56** months. This monthly Plan Payment will begin within 30 days of the date the petition was filed.

B. The base plan amount is $ **71,841.44** which is estimated to pay **100** % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the Chapter 13 Trustee may increase the percentage to be paid to creditors accordingly.

C. Amounts necessary for the payment of post-petition claims allowed under 11 U.S.C. § 1305.

D. Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| Citimortgage Inc | Single Family Residence 33515 132nd Street East Pearblossom, CA 93563 Secured By CalPERS Pension | xxxxxx4177 | $2,090.00 |
| Citimortgage Inc | Single Family Residence 33515 132nd Street East Pearblossom, CA 93563 Also Secured By 457 Plan | xxxxxxx355-1 | $93.00 |

Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The Chapter 13 Trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

E. Other property: (specify property or indicate none)
**NONE**

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*                                                                                                 **F3015-1.1**
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com                                          Best Case Bankruptcy

Chapter 13 Plan  (Rev. 12/09) - Page 3                                                          2009 USBC, Central District of California

II.    **ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**
Except as otherwise provided in the plan or by court order, the Chapter 13 Trustee shall disburse all available funds
for the payment of claims as follows:

A.    ORDER OF PAYMENTS:

1.    If there are Domestic Support Obligations, the order of priority shall be:

(a)    Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on
payments made to date;

(b)    Administrative expenses (Class 1(a)) in an amount not exceeding _____% of each Plan Payment until
paid in full;

2.    If there are no Domestic Support Obligations, the order of priority shall be the Chapter 13 Trustee's fee not
exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an
amount not exceeding __% of each Plan Payment until paid in full.

3.    Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the Chapter 13
Trustee from the Plan Payment; such secured debt may be paid by the Chapter 13 Trustee commencing
with the inception of Plan Payments.

4.    Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

5.    No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been
paid in full.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com

**F3015-1.1**
Best Case Bankruptcy

Chapter 13 Plan  (Rev. 12/09) - Page  4                                    2009 USBC, Central District of California

B.   CLASSIFICATION AND TREATMENT OF CLAIMS:

| CLASS 1 | | | | | |
|---|---|---|---|---|---|
| **ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507** | | | | | |
| The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4). | | | | | |
| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| a    Administrative Expenses | | | | | |
| (1)    Chapter 13 Trustee's Fee – estimated at **10%** of all payments to be made to all classes through this Plan. | | | | | |
| (2)    Attorney's Fees | $2,274.00 | | $37.90 | 60 | $2,274.00 |
| (3)    Chapter 7 Trustee's Fees | | | | | |
| (4)    Other | | | | | |
| b.    Other Priority Claims | | | | | |
| (1)    Internal Revenue Service | | | | | |
| (2)    Franchise Tax Board | | | | | |
| (3)    Domestic Support Obligation | | | | | |
| (4)    Other | | | | | |
| **Franchise Tax Board** | $3,604.47 | 4% | $66.38 | 60 | $3,982.80 |
| **Internal Revenue Service** | $0.00 | 0% | $0.00 | 0 | $0.00 |
| c    Domestic Support Obligations that are not to be paid in full in the Plan (Specify Creditor Name) | | | | | |
| | | | | | |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com

**F3015-1.1**
Best Case Bankruptcy

Chapter 13 Plan  (Rev. 12/09) - Page  5                                                    2009 USBC, Central District of California

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE
### ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE

1.  ☐    The post-confirmation monthly mortgage payment will be made by the Chapter 13 Trustee from the Plan Payment to:

2.  ■    The post-confirmation monthly mortgage payment will be made by the Debtor directly to:

| Citimortgage Inc | xxxxxx4177 |
|---|---|
| (name of creditor) | (last 4 digits of account number) |
| Citimortgage Inc | xxxxxxx355-1 |
| (name of creditor) | (last 4 digits of account number) |

**The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.**

| | | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| Name of Creditor | Last Four Digits of Account Number | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| Citimortgage Inc | xxxxxx4177 | $25,228.15 | 0 | $420.47 | 60 | $25,228.15 |

## CLASS 3

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL
### DURING THE TERM OF THE PLAN

| Name of Creditor | Last Four Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*                                                                    **F3015-1.1**
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com                Best Case Bankruptcy

Chapter 13 Plan  (Rev. 12/09) - Page 6                                      2009 USBC, Central District of California

## CLASS 4

### OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE

1.  ☐   The post-confirmation monthly payment pursuant to the promissory note will be made by the Chapter 13 Trustee from the Plan Payment to:

2.  ☐   The post-confirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

_____              _____
(name of creditor)                                        (last 4 digits of account number)

_____              _____
(name of creditor)                                        (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.**

| Name of Creditor | Last Four Digits of Account Number | Cure of Default | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | | | | | |
| | | | | | | |

## CLASS 5

### NON-PRIORITY UNSECURED CLAIMS

Debtor estimates that non-priority unsecured claims total the sum of  **$33,116.89** .
Class 5 claims will be paid as follows:

(Check one box only.)

■      Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.

OR

☐      Class 5 claims will be divided into subclasses as shown ~~on the attached exhibit~~ *directly below* (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

## III.   COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ **0.00**  which is estimated to pay  **0** % of the scheduled nonpriority unsecured debt.

_This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California._

Chapter 13 Plan (Rev. 12/09) - Page 7                                    2009 USBC, Central District of California

## IV.  PLAN ANALYSIS

| | |
|---|---|
| **CLASS 1a** | $2,274.00 |
| **CLASS 1b** | $3,982.80 |
| **CLASS 1c** | $0.00 |
| **CLASS 2** | $25,228.15 |
| **CLASS 3** | $0.00 |
| **CLASS 4** | $0.00 |
| **CLASS 5** | $33,116.89 |
| **SUB-TOTAL** | $64,601.84 |
| **CHAPTER 13 TRUSTEE'S FEE (Estimated  10% unless advised otherwise)** | $6,530.84 |
| **TOTAL PAYMENT** | $71,841.44 |

## V.  OTHER PROVISIONS

A.  The Debtor rejects the following executory contracts and unexpired leases.

| Name of Other Party: | Description of contract/lease: |
|---|---|
| -NONE- | |

B.  The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):

| Name of Other Party: | Description of contract/lease: |
|---|---|
| American Honda Finance | Automobile Lien - 2007 Honda Ridgeline |
| Hsbc / Aib | Automobile Lien - 2005 Honda Odyssey |

C.  In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:

| Creditor Name: | Monthly Payment: |
|---|---|
| American Honda Finance | $665.00 |
| Hsbc / Aib | $550.00 |

D.  The Debtor hereby surrenders the following personal or real property. (Identify property and creditor to which it is surrendered.)

| Creditor Name: | Description: |
|---|---|
| -NONE- | |

E.  The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F.  Miscellaneous provisions: (Use Attachment, if necessary)

   **Addendum to Chapter 13 Plan (F 3015-1.1A) is attached.**

G.  The Chapter 13 Trustee is authorized to disburse funds after the date confirmation is announced in open court.

H.  The Debtor will pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities as they come due.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

I.   The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

## VI.   REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the Chapter 13 Trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the Local Bankruptcy Rules. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Dated: _____          /s/ Gregory J. Doan _____

                                                         **Gregory J. Doan**
                                                         **165174**
                                                         Attorney for Debtor(s)


                                             /s/ William West Curry _____

                                                         **William West Curry**
                                                         Debtor

*Revised December 2009*                                                         **F3015-1.1**
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com                          Best Case Bankruptcy

**F 4001-1M.PP**

| In re                                                      (SHORT TITLE) | CHAPTER: 13 |
|---|---|
| WILLIAM WEST CURRY; and NANCY K. CURRY, Chapter 13 Trustee,        Debtor(s). | CASE NO.: 2:10-bk-36604-ER |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

16133 VENTURA BOULEVARD, SUITE 560, ENCINO, CA 91436.

A true and correct copy of the foregoing document described as  NOTICE OF MOTION AND MOTION FOR RELIEF  FROM THE AUTOMATIC STAY                                                         will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On  **04/26/11**                             I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

See, attached page.

☑ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On  **04/26/11**                             I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

See, attached page.

☑ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on                                          I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 04/26/11 | VINCENT V. FROUNJIAN, ESQ. | /S/ VINCENT V. FROUNJIAN |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                                                   **F 4001-1M.PP**

## ADDITIONAL SERVICE INFORMATION

I.    BY THE COURT VIA NOTICE OF ELECTRONIC FILING

Attorney for the Debtor(s)
Gregory J Doan, Esq.
Email: ecf@doanlaw.com

CHAPTER 13 TRUSTEE
NANCY K. CURRY
Email: ecfnc@trustee13.com

UNITED STATES TRUSTEE
LOS ANGELES DIVISION
Email: ustpregion16.la.ecf@usdoj.gov

II.    VIA U.S. MAIL

Debtor, William West Curry
33515 132nd Street
Pearblossom, CA 93553

UNITED STATES BANKRUPTCY COURT
LOS ANGELES DIVISION
255 East Temple Street
Los Angeles, California  90012

Attn: Chambers of Judge, ERNEST M. ROBLES